# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 20, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THEODORE M. LATUSEK JR.,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1546**  (BOR Appeal No. 2045781)
                              (Claim No. 940058016)

**CONSOLIDATION COAL COMPANY MORGANTOWN OPERATIONS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Theodore M. Latusek Jr., by Sue Anne Howard, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Company Morgantown Operations, by Stephen G. Higgins, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 14, 2011, in which the Board affirmed a March 10, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 23, 2010, decision, denying payment of medical expenses, including medications, related to a lung transplant. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Latusek filed a claim for occupational pneumoconiosis with the last date of exposure of March 24, 1994, based on exposure to dust and particulates while he worked as a longwall coal miner for Consolidation Coal Company. Even though Mr. Latusek's claim was held compensable on August 1, 1994, for occupational pneumoconiosis on a non-medical basis, the extent to which his lung problems were work-related was the frequent subject of litigation. On July 2, 2006, Mr. Latusek was admitted to University of Pittsburgh Medical Center for a single

left lung transplant, which was performed the next day. Following the procedure several requests were made to the claims administrator for payment of medical expenses, including medication related to the procedure. On March 23, 2010, the claims administrator denied the request. The claims administrator stated that West Virginia Code of State Rules § 85-20-9 (2006) required that the surgery be preauthorized. The Office of Judges and the Board of Review affirmed the claims administrator's decision on March 10, 2011, and October 14, 2011, respectively, leading to this appeal.

The Office of Judges concluded that Mr. Latusek was not entitled to authorization and payment of the medical expenses, including medications, related to his lung transplant surgery in July of 2006. The Office of Judges found that Mr. Latusek had ample time to seek prior authorization for a lung transplant. The Office of Judges found no evidence that Mr. Latusek had sought authorization or that the claims administrator had granted authorization for the transplant prior to the surgery. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, Mr. Latusek challenged the validity of West Virginia Code of State Rules § 85-20-9, arguing that it was in conflict with West Virginia Code § 23-4-3(a)(2) (2005), which provides for reimbursement for a treatment after the addition of a secondary condition.

We agree with the conclusion of the Board of Review and the findings of the Office of Judges. Mr. Latusek is not entitled to payment of medical expenses related to his lung transplant surgery in July of 2006. There is no evidence in the record that Mr. Latusek complied with the requirements of West Virginia Code of State Rules § 85-20-9. Mr. Latusek did not seek authorization for his lung transplant prior to the procedure. Mr. Latusek has also not presented a colorable argument that West Virginia Code of State Rules § 85-20-9 is invalid. There is nothing in the record showing that any secondary condition has been added to this claim which would trigger West Virginia Code § 23-4-3(a)(2) and entitle Mr. Latusek to post-treatment reimbursement.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2